

ORIGINAL JUDGE DAVID BRIONES

2010 JUN 10 AM 11:45

✎AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western Dist. of Texas - El Paso Division |
|---|---|

| Name (under which you were convicted): JUSTEN GRANT HALL | Docket or Case No.: 3:10-cv-00213 |
|---|---|

| Place of Confinement : Polunsky Unit, Texas Criminal Justice Department | Prisoner No.: 999497 |
|---|---|

| Petitioner (include the name under which you were convicted) JUSTEN GRANT HALL | v. | Respondent (authorized person having custody of petitioner) RICK THALER, Director, Texas Dept. of Criminal Justice, Correctional Institutions Division |
|---|---|---|

The Attorney General of the State of Texas

## PETITION

EP 10 CV 00213

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    The 34th Judicial District Court,
    El Paso County, Texas

    (b) Criminal docket or case number (if you know):  20030D00505

2.  (a) Date of the judgment of conviction (if you know):  2/8/2005

    (b) Date of sentencing:  2/18/2005

3.  Length of sentence:  Death Penalty

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Capital Murder.

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

FN1: Please note related matter number 3:10-cv-00135-FM. A copy of this petition has been filed under related matter number 3:10-cv-00135-FM.

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes   ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Texas Court of Criminal Appeals

(b) Docket or case number (if you know):   AP-75,121

(c) Result:   Conviction affirmed

(d) Date of result (if you know):   6/27/2007

(e) Citation to the case (if you know):   Hall v. State, AP-75,121 (Tex. Crim. App. June 27, 2007)

(f) Grounds raised:

Insufficient evidence to support verdict; trial court erred in:  not suppressing certain evidence; not suppressing confession; denying challenges for cause; limiting time for voir dire; not suppressing DNA results; not giving jury instruction on lesser included offense of murder; not empaneling new jury for punishment phase; not granting pre-trial motion for continuance; not instructing the jury regarding the burden of proof for mitigation evidence; not granting additional peremptory strikes; and denying defendant's motion to preclude the State from death-qualifying jurors.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 10/07)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   Texas Court of Criminal Appeals

(2) Docket or case number (if you know):   20030D0505-34-1 and WR-70,824-01

(3) Date of filing (if you know):   3/18/2007

(4) Nature of the proceeding:   Application for writ of habeas corpus

(5) Grounds raised:
State's failure to provide material evidence; ineffective assistance of counsel; and evidence did not support the conviction.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes   ☐ No

(7) Result:   Disposition by Court of Criminal Appeals (attached hereto).

(8) Date of result (if you know):   6/10/2009

✎AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏   Yes    ❏   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

✎AO 241
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐   Yes   ❐   No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:   ❐   Yes   ☑   No

(2)  Second petition:   ❐   Yes   ❐   No

(3)  Third petition:   ❐   Yes   ❐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
Petitioner's rights under the Fourteenth Amendment were violated by the State's misconduct in failing to disclose material evidence favorable to him in violation of Brady

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's due process rights under the Fourteenth Amendment were violated by the State's failure to disclose critical information concerning fact witnesses who testified against him. Specifically, the State withheld material information concerning offers of immunity made to witnesses by both prosecutors and police officers in exchange for testimony against the Petitioner at trial. The suppression of these tacit agreements deprived the defense of the opportunity to properly impeach those witnesses. As such, the Petitioner is entitled to a new trial. More detailed factual and legal support for this ground is set forth in the Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and incorporated herein by reference.

(b) If you did not exhaust your state remedies on Ground One, explain why:
N/A.

✎AO 241
(Rev. 10/07)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
  Issue was raised in state habeas proceeding.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ☑  Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Application for writ of habeas corpus.

Name and location of the court where the motion or petition was filed:
  Texas Court of Criminal Appeals

Docket or case number (if you know):    20030D0505-34-1 and WR-70,824-01

Date of the court's decision:    6/10/2009

Result (attach a copy of the court's opinion or order, if available):
  Attached.

(3) Did you receive a hearing on your motion or petition?                    ☑ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?               ☐ Yes   ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
  The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application
  for writ of habeas corpus on July 16, 2009.

✎AO 241
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.

**GROUND TWO:**

Petitioner's conviction violates the Fifth and Fourteenth Amendments because the trial court erred in denying the motion to suppress petitioner's involuntary confession

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's conviction violates the Fifth and Fourteenth Amendments because the trial court erred in denying the motion to suppress the Petitioner's involuntary confession. The record evidence demonstrates that the Petitioner's confession was obtained under a totality of circumstances evidencing an involuntary admission of guilt. At the time his statement was coerced, the police had deliberately withheld prescription medications needed to treat the symptoms of his mental illness, including schizophrenia, depression, and anxiety disorders. The Petitioner was also suicidal, had not slept in days, and was experiencing the after effects of a weeks-long methamphetamine binge. Despite knowledge of the Petitioner's state of mind, the police proceeded to engage him in casual conversation, without any Miranda warnings, before asking the Petitioner directly if he had committed the murder. Only then, after obtaining the answer he had sought, did the detective conducting the interrogation advise the Petitioner of his Miranda rights and proceed to extract a detailed statement. Such deliberate and coercive circumvention of the Petitioner's rights is not permitted under the Fifth and Fourteenth Amendments. More detailed factual and legal support for this ground is set forth in the accompanying Memorandum in Support of Petition for Writ of Habeas Corpus.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A.

(c)　　**Direct Appeal of Ground Two:**

　　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　☑ Yes　　☐ No

　　　　(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)　　**Post-Conviction Proceedings:**

　　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　☐　Yes　　☑ No

　　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　　Type of motion or petition:

　　　　Name and location of the court where the motion or petition was filed:

　　　　Docket or case number (if you know):

　　　　Date of the court's decision:

✎AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❑ Yes  ❑ No

(4) Did you appeal from the denial of your motion or petition?  ❑ Yes  ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑ Yes  ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**
Petitioner's conviction violates the Sixth Amendment because the petitioner's lead trial counsel slept during the guilt / innocence phase of the trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's conviction violates the Sixth Amendment guarantee of effective assistance of counsel in light of uncontroverted evidence that the Petitioner's lead trial counsel slept during portions of the guilt/innocence phase of the trial.  Several jurors noted that Petitioner's lead counsel, Frank Macias, slept during the examination of witnesses.  This not only deprived the Petitioner of his counsel's assistance during the trial, it also left the jurors with the highly prejudicial impression that the Petitioner's own lawyer was not engaged or interested in the defense of his client.  Mr. Macias's sleeping violated the fundamental principle of fairness in the adversarial process and is per se ineffective under the governing law of this Circuit.  More detailed factual and legal support for this ground is set forth in the accompanying Memorandum in Support of Petition for Writ of Habeas Corpus.

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

Factual basis for claim was recently discovered.

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

Factual basis for claim was recently discovered.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**
Petitioner's conviction violates the Fifth and Fourteenth Amendments because the trial court erred in denying the petitioner's motion for a continuance

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's conviction violates his constitutional right to due process because the trial court arbitrarily denied the Petitioner's request for a short continuance before trial.  The Petitioner sought a continuance of less than a month in order to: 1) undergo evaluation by an expert addictionologist; 2) conduct DNA testing of physical evidence that the State had not tested; and 3) conduct interviews with fact witnesses who were called to testify against the Petitioner.  The trial court's denial of the continuance prevented the Petitioner from taking these steps, and thus prevented him from being able to prepare his defense, which is a fundamental element of due process.  As such, the Petitioner is entitled to a new trial.  More detailed factual and legal support for this ground is set forth in the Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and incorporated herein by reference.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A.

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

✎AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

Page 13

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ☐ Yes   ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:
          Ground Three - Petitioner's conviction violates the Sixth Amendment because the petitioner's
          lead trial counsel slept during the guilt / innocence phase of the trial.  The factual basis for
          this claim was recently discovered.

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so,

        ground or grounds have not been presented, and state your reasons for not presenting them:
          Ground Three - Petitioner's conviction violates the Sixth Amendment because the petitioner's
          lead trial counsel slept during the guilt / innocence phase of the trial.  The factual basis for
          this claim was recently discovered.

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?   ☐ Yes   ☑ No

      If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

      of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?   ☐ Yes   ☑ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

      raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Frank Macias, Jaime Olivas and Charles McDonald
1000 North Campbell, El Paso, TX 79901

(b) At arraignment and plea:

Frank Macias, Jaine Olivas and Charles McDonald
1000 North Campbell, El Paso, TX 79901

(c) At trial:

Frank Macias and Charles McDonald
1000 North Campbell, El Paso, TX 79901

(d) At sentencing:

Frank Macias and Charles McDonald
1000 North Campbell, El Paso, TX 79901

(e) On appeal:

Louis Lopez
416 North Stanton, 4th Floor, Suite 400, El Paso, TX 79901

(f) In any post-conviction proceeding:

Robin Norris
2408 Fir Street, El Paso, TX 79925

(g) On appeal from any ruling against you in a post-conviction proceeding:

Robin Norris
2408 Fir Street, El Paso, TX 79925

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐ Yes   ☑ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A.

✎AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Issue a writ of habeas corpus that Mr. Hall may be discharged from his unconstitutional confinement and
restraint and/or relieved of his unconstitutional sentence of death; grant Mr. Hall further discovery and an
evidentiary hearing at which he may present evidence in support of his claims; direct that the record in this case
be expanded to include additional materials relevant to the determination of the merits of the petition;

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was ~~placed in the prison mailing system~~ filed on   June 10, 2010   (month, date, year).

Executed (signed) on   June 10, 2010   (date).

_____
Signature of Petitioner's counsel, William SD Cravens

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Petitioner consulted with counsel of record in preparation of the Petition and authorized the verification and
submission of the Petition on his behalf.

## ADDITIONAL GROUNDS

**GROUND FIVE:** Petitioner's Conviction and Sentence of Death Violate the Due Process Clause of the United States Constitution Because the Evidence Adduced at Trial was Insufficient to Prove that the Petitioner Murdered the Victim in the Course of Committing or Attempting to Commit the Offense of Retaliation.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's conviction and sentence of death violate the due process clause because the evidence at trial was insufficient to prove that the Petitioner murdered the victim in the course of committing or attempting to commit the offense of retaliation. Indeed, the testimony of the State's own witnesses clearly demonstrates the lack of evidence sufficient for a rational jury to find beyond a reasonable doubt that the Petitioner killed Melanie Billhartz in order to prevent her from reporting the occurrence of a crime to the authorities, as required by Texas Penal Code Ann. § 36.06. More detailed factual and legal support for this ground is set forth in the Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and incorporated herein by reference.

(b)     If you did not exhaust your state remedies on Ground Five, explain why:

N/A.

(c)     **Direct Appeal of Ground Five:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?  Yes

(2)  If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Application for writ of habeas corpus.

Name and location of the court where the motion or petition was filed:  Texas Court of Criminal Appeals

Docket or case number (if you know):  20030D0505-34-1 and WR-70,824-01

Date of the court's decision:  June 10, 2009.

Result (attach a copy of the court's opinion or order, if available):  Attached

(3)  Did you receive a hearing on your motion or petition?                     Yes

(4)  Did you appeal from the denial of your motion or petition?                No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009

**GROUND SIX:**  Petitioner's Sentence of Death Violates The Sixth Amendment Because Trial Counsel Failed to Investigate and Present Substantial, Readily Available Evidence in Mitigation of the Death Penalty.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's sentence of death violates the Sixth Amendment because trial counsel failed to investigate and present substantial, readily available evidence in mitigation of the death penalty. Specifically, trial counsel failed to investigate and present overwhelming and powerful evidence of childhood abuse, neglect, and mental illness.  Such evidence was material, and would have caused at least one juror to have decided the Petitioner's fate differently had she been informed of the Petitioner's compelling, tragic, and sympathetic personal story.  More detailed factual and legal support for this ground is set forth in the Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and incorporated herein by reference.

(b)     If you did not exhaust your state remedies on Ground Six, explain why:

N/A.

(c)     **Direct Appeal of Ground Six:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?  No

(2)  If you did not raise this issue in your direct appeal, explain why:

Issue was raised in state habeas proceeding.

(d)    **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Application for writ of habeas corpus.

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals

Docket or case number (if you know):  20030D0505-34-1 and WR-70,824-01

Date of the court's decision:  June 10, 2009

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion or petition?                    Yes

(4)  Did you appeal from the denial of your motion or petition?              No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals'
dismissal of application for writ of habeas corpus on July 16, 2009.

**GROUND SEVEN:** Petitioner's Sentence of Death Violates The Sixth Amendment Because Trial
Counsel Argued to the Jury, Without Any Plausible Tactical Reason and Contrary to Evident
Defensive Strategy, That Petitioner Deserved To Die for his Alleged Crime.

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's death sentence violates the Sixth Amendment because Petitioner was deprived
of the effective assistance of counsel at the punishment phase of his trial when trial counsel
argued to the jury that the Petitioner deserved to die. Trial counsel's bizarre and highly
prejudicial comments to the jury completely sabotaged any opportunity for effective assistance
of counsel during the punishment phase of his trial, and undermined even the poor mitigation
case that trial counsel had presented. The Petitioner was thus prejudiced by his counsel's
unprofessional performance, and in accordance with *Strickland* principles, his petition for relief
should be granted. More detailed factual and legal support for this ground is set forth in the
Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and
incorporated herein by reference.

(b)    If you did not exhaust your state remedies on Ground Seven, explain why:

       N/A.

(c)    Direct Appeal of Ground Seven:

       (1) If you appealed from the judgment of conviction, did you raise this issue? No

       (2) If you did not raise this issue in your direct appeal, explain why:

       Issue was raised in state habeas proceeding.

(d)    Post-Conviction Proceedings:

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial
       court?

              Yes

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition: Application for writ of habeas corpus.

       Name and location of the court where the motion or petition was filed: Texas Court of Criminal
              Appeals

Docket or case number (if you know): 20030D0505-34-1 and WR-70,824-01

Date of the court's decision: June 10, 2009

Result (attach a copy of the court's opinion or order, if available): Attached

(3) Did you receive a hearing on your motion or petition?                              Yes

(4) Did you appeal from the denial of your motion or petition?                        No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals'
dismissal of application for writ of habeas corpus on July 16, 2009.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that
you have used to exhaust your state remedies on Ground Seven:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals'
dismissal of application for writ of habeas corpus on July 16, 2009.

**GROUND EIGHT:** Petitioner's Death Sentence Violates the Sixth Amendment Because Trial
Counsel Relinquished Two Peremptory Challenges Against Objectionable Jurors by Failing to
Require That Each Eligible Juror Be Passed for Preemptory Challenge First by the Prosecution.

(a)    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's sentence of death violates the Sixth Amendment because trial counsel
inexplicably relinquished two preemptory challenges against objectionable jurors by failing to
follow the procedures set forth in Article 35.13 of the Texas Code of Criminal Procedure. Under
that provision, the State is required to exercise challenges for cause and peremptory strikes to
potential jurors *before* a capital defendant exercises his. This allows the defendant to maximize
his use of peremptory strikes by only having to strike objectionable jurors who cannot be
challenged for cause, but who the State has accepted. Petitioner's trial counsel, however,
unreasonably, and without any strategic or tactical motive, made an agreement with the State to
exercise simultaneous and independent peremptory strikes. As a result of this agreement, at least
two jurors who demonstrated improper bias were permitted to serve on the panel that delivered

the Petitioner's death sentence.  More detailed factual and legal support for this ground is set forth in the Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and incorporated herein by reference.

(b)     If you did not exhaust your state remedies on Ground Eight, explain why:

N/A.

(c)     **Direct Appeal of Ground Eight:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?  No

(2)  If you did not raise this issue in your direct appeal, explain why:

Issue was raised in state habeas proceeding.

(d)     **Post-Conviction Proceedings:**

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Application for writ of habeas corpus.

Name and location of the court where the motion or petition was filed:  Texas Court of Criminal Appeals

Docket or case number (if you know):  20030D0505-34-1 and WR-70,824-01

Date of the court's decision:  June 10, 2009

Result (attach a copy of the court's opinion or order, if available):  Attached

(3)  Did you receive a hearing on your motion or petition?     Yes

(4)  Did you appeal from the denial of your motion or petition?     No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

A/73404303.1

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.


**GROUND NINE:**  Petitioner's Death Sentence Violates the Sixth Amendment Because Trial Counsel Agreed to Excuse Death-Qualified Venire Members Who Were Opposed to Capital Punishment Without Questioning Them.

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's death sentence violates the Sixth Amendment because trial counsel agreed to excuse without questioning death-qualified venire members who had indicated opposition to capital punishment.  This decision was by no means required – the law permits individuals opposed to the death penalty to serve as long as they are able to obey the oath they must take as jurors.  Thus, the venire members in question were not *per se* unqualified.  Yet, without any reasonable explanation or justification, the Petitioner's trial counsel agreed to excuse, without questioning, numerous potential jurors who were opposed to the death penalty.  Taken in tandem with the fact that trial counsel was later denied nine challenges for cause and a motion for a mistrial based on the lack of qualified jurors, it is clear that this decision was both unreasonable and highly prejudicial.  More detailed factual and legal support for this ground is set forth in the Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and incorporated herein by reference.

(b)     If you did not exhaust your state remedies on Ground Nine, explain why:

N/A.

(c)     **Direct Appeal of Ground Nine:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?  No

(2)  If you did not raise this issue in your direct appeal, explain why:

Issue was raised in state habeas proceeding.

(d)     **Post-Conviction Proceedings:**

A/73404303.1

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

> Yes

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for writ of habeas corpus.

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals

Docket or case number (if you know): 20030D0505-34-1 and WR-70,824-01

Date of the court's decision: June 10, 2009

Result (attach a copy of the court's opinion or order, if available): Attached

(3) Did you receive a hearing on your motion or petition?                  Yes

(4) Did you appeal from the denial of your motion or petition?             No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Nine:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals' dismissal of application for writ of habeas corpus on July 16, 2009.

**GROUND TEN:** Petitioner's Sentence of Death Violates the Sixth Amendment Because Trial Counsel Failed to Object to the Court's Failure to Instruct Numerous Venire Members as Required by Texas Code of Criminal Procedure Art. 35.17(2).

(a)      Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner's sentence of death violates the Sixth Amendment because trial counsel failed to object to the trial court's failure to instruct numerous venire members as required by Texas Code of Criminal Procedure Article 35.17(2).  Under that provision, a capital trial court is required to "propound to the entire panel of prospective jurors questions concerning the principles, as applicable to the case on trial, of reasonable doubt, burden of proof, return of indictment by grand jury, presumption of innocence, and opinion."  A court's failure to administer such questions constitutes reversible error when a capital defendant is denied a federal right as a result.  In the instant case, the judge presiding over voir dire examinations failed to question the jury regarding the Article 35.17(2) principles before allowing the State and the Petitioner's trial counsel to proceed with their voir dire examinations.  Petitioner's trial counsel failed to object to the deviation from statutory procedure.  As a result, at least one juror with questions regarding the principle of reasonable doubt was seated on the jury that delivered Mr. Hall's death sentence.  More detailed factual and legal support for this ground is set forth in the Memorandum in Support of Petition for Writ of Habeas Corpus submitted herewith and incorporated herein by reference.

(b)      If you did not exhaust your state remedies on Ground Ten, explain why:

     N/A.

(c)      **Direct Appeal of Ground Ten:**

     (1)  If you appealed from the judgment of conviction, did you raise this issue?  No

     (2)  If you did not raise this issue in your direct appeal, explain why:

     Issue was raised in state habeas proceeding.

(d)      **Post-Conviction Proceedings:**

     (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          Yes

     (2)  If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition:  Application for writ of habeas corpus.

     Name and location of the court where the motion or petition was filed:  Texas Court of Criminal Appeals

Docket or case number (if you know):  20030D0505-34-1 and WR-70,824-01

Date of the court's decision:  June 10, 2009

Result (attach a copy of the court's opinion or order, if available):  Attached

(3)  Did you receive a hearing on your motion or petition?                    Yes

(4)  Did you appeal from the denial of your motion or petition?               No

(5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

(6)  If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals'
dismissal of application for writ of habeas corpus on July 16, 2009.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that
       you have used to exhaust your state remedies on Ground Ten

The Petitioner filed a Motion for Reconsideration of Court of Criminal Appeals'
dismissal of application for writ of habeas corpus on July 16, 2009.

Texas Judiciary Online - HTML Opinion

✉  Send this document to a colleague                                    Close This Window 🖱

---

# IN THE COURT OF CRIMINAL APPEALS

# OF TEXAS

---

### NO. WR-70,834-01

---

### EX PARTE JUSTEN GRANT HALL

---

ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE

## NO. 20030D00505-34-1 IN THE 34TH JUDICIAL DISTRICT COURT

# EL PASO COUNTY

---

*Per Curiam. Price and Womack, JJ., would remand.*

# O R D E R

We have before us a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure article 11.071 and a motion to dismiss that application.[1]

In February 2005, a jury convicted applicant of the offense of capital murder. The jury answered the special issues submitted pursuant to Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Hall v. State*, No. AP-75,121 (Tex. Crim. App. June 27, 2007)(not designated for publication).

Under Article 11.071, § 4, an applicant's initial writ application must be filed in the trial court not later than the 45th day after the date the State's brief is filed on direct appeal with the possibility of a one-time 90-day extension. *See* Art. 11.071, § 4(a) and (b). Assuming counsel filed a timely motion for an extension, applicant's initial application was due in the trial court on or before March 22, 2007. Counsel filed applicant's application in the trial court on March 19, 2007.

On August 22, 2008, before the application and accompanying record were forwarded to this Court, applicant sent the trial court a letter in which he stated that he wanted to "drop [his] remaining appeals." Thus, applicant indicated his desire to waive his right to habeas review.[2] Apparently pursuant to this request, applicant's counsel filed, in both the trial court and in this Court, a motion to dismiss the application and to have applicant evaluated for competency to make such a decision. The trial court then appointed two experts to evaluate applicant.

On March 6, 2009, the trial court held a hearing on applicant's request to waive his appeals and counsel's motion to dismiss the application. Applicant clarified during this hearing that he did *not* want to waive habeas review. However, he did want the court to dismiss the application filed by counsel Robin Norris in its entirety and to allow him to proceed *pro se* to file his own writ. Both counsel and the court discouraged applicant from this action and warned him that such an action would likely result in a procedural bar to further habeas claims. Applicant persisted in his desire to dismiss the application and to proceed *pro se*. The court found, pursuant to the reports of the two experts, that applicant was competent to make this decision. Thus, the court removed Norris as counsel, appointing him instead as "support

counsel," and recommended to this Court that applicant's application be dismissed. The trial court then ordered that the case should be forwarded to this Court.

On March 31, 2009, applicant sent a letter to this Court and the trial court in which he asks (1) that the trial judge withdraw his recommendation to dismiss the application; (2) that the judge remove Robin Norris as his "support counsel"; (3) that the courts provide him a copy of "[his] case"; and (4) if a hearing must be held, that it be done via conference call without bench warranting him back to the county. Despite the apparent change in attitude regarding whether the currently filed writ application should be dismissed, applicant still maintains in this letter that he wants his attorney dismissed and he wants to be allowed to represent himself.

If applicant's intent is to start over and file a *pro se* initial writ application, or even to supplement or amend the already filed application, his request comes far too late. An initial application has been filed, and the statutory time for filing has passed. Any *pro se* document filed at this stage, whether replacing the originally filed application or attempting to supplement it with additional claims, will be considered a subsequent application subject to review under Article 11.071, § 5. Nonetheless, applicant is certainly free to file a subsequent application, and it will be reviewed according to the dictates of the statute.

Meanwhile, the question before the Court is whether to dismiss the attorney-filed writ application. Applicant, during the hearing in the trial court, persisted in his request that the attorney-filed initial application be dismissed. He also persisted, and continues to persist, that his appointed counsel be dismissed. Finally, the trial court's appointed experts both opined that applicant was competent to make these decisions. For these reasons, we will defer to the trial court's recommendation. The application for writ of habeas corpus filed in the trial court on March 19, 2007, is dismissed.

IT IS SO ORDERED THIS THE 10TH DAY OF JUNE, 2009.


Do Not Publish

1. Any further references to Articles refer to the Texas Code of Criminal Procedure unless otherwise specified.

2. It is unclear from the record before us whether applicant expressed a desire to waive habeas review prior to this point.

```
DUPLICATE

Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300005723
Cashier ID: mpinales
Transaction Date: 06/10/2010
Payer Name: WILLIAM S D CRAVENS
-----------------------------------
WRIT OF HABEAS CORPUS
 For: JUSTEN GRANT HALL
 Amount:         $5.00
-----------------------------------
MONEY ORDER
 Check/Money Order Num: 14-137978433
 Amt Tendered: $5.00
-----------------------------------
Total Due:      $5.00
Total Tendered: $5.00
Change Amt:     $0.00

WRIT OF HABEAS CORPUS,
DTXW310CV00213-DB/ML, JUSTEN GRANT
HALL V. RICK THALER, et al
```